OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 26, 1999

The Honorable William C. "Bill" Sowder
Criminal District Attorney
Lubbock County Courthouse
P. O. Box 10536
Lubbock, Texas 79408-3536

Opinion No. JC-0056

Re: Whether a constable may execute service of process to enforce the compulsory school attendance provisions of the Education Code (RQ-1147)

Dear Mr. Sowder:

You ask whether a constable may be required to serve legal process on individuals who fail to appear at a truancy hearing. You specifically ask whether section 25.091 of the Texas Education Code, which grants school attendance officers the power and duty to serve legal process, means that only an attendance officer may serve legal process dealing with the compulsory attendance provisions of the Education Code, thus making it unlawful for a constable to serve the same. You say that the constables have argued that they may not legally serve these summons since the Education Code places the power and duty on the attendance officer. In our view, constables, when directed to do so by a lawful officer such as a justice of the peace, may also serve legal process on a person who fails to appear at a truancy hearing. Further, constables do not have discretion to determine what process they will serve, when such service has been ordered by a lawful magistrate.

In a county or independent school district that has selected a school attendance officer, the attendance officer has the express power and duty to investigate each case of unexcused absence from school, to administer oaths and serve legal process, and to enforce the compulsory school attendance law. TEX. EDUC. CODE ANN. § 25.091(a)(1), (2), (3) (Vernon 1996). However, the Education Code provides that "[i]n addition to enforcement by a school attendance officer, the compulsory attendance provisions of this subchapter may be enforced by any peace officer, as defined by Article 2.12, Code of Criminal Procedure." *Id.* § 25.096. Constables and deputy constables are peace officers. TEX. CODE CRIM. PROC. art. 2.12 (Vernon Supp. 1999). Given these provisions, the question is whether section 25.091 confers an exclusive grant of authority to serve legal process in truancy matters to the attendance officer alone.

The grant of authority to attendance officers is not exclusive. No language restricting the power to serve process in these matters to attendance officers is to be found in section 25.091, and section 25.096's provision that "any peace officer" may enforce the attendance law provides strong evidence to the contrary. Sections 25.091 and 25.096 may be harmonized by reading them together to provide authority to attendance officers and to any other peace officers (in which category

constables are included) to serve process designed to enforce the compulsory attendance law when such peace officers are directed by the court to do so.

Moreover, in our view, constables do not have the discretion to decide for themselves that they will not serve process when directed by a magistrate of competent jurisdiction to do so. Constables have broad authority to serve legal process. TEX. LOCAL GOV'T CODE ANN. § 86.021 (Vernon 1998 & Supp. 1999). Indeed, a constable "shall execute and return as provided by law each process, warrant, and precept that is directed to the constable and is delivered by a lawful officer." *Id.* A constable who "fails or refuses to execute and return according to law a process, warrant, or precept" directed to him by the court is subject to being "fined for contempt before the court that issued the process, warrant, or precept on the motion of the person injured by the failure or refusal." *Id.* § 86.024(a) (Vernon. 1988).

Given these provisions, it is our opinion that constables do not have discretion to refuse to serve process directed to them by a justice of the peace. In *Merritt v. Harris County*, 775 S.W.2d 17 (Tex. App.–Houston [14th Dist.] 1989, writ denied), the court addressed the discretion of constables as follows:

> In executing writs . . . , [c]onstables carry out a duty prescribed by the Texas [C]onstitution or the legislature. As an officer of the Court, they do not have the authority to define objectives in the execution of the court's writ. . . . Under Texas law, . . . [c]onstables are not policymaking officials of county government when performing their narrowly circumscribed duty to execute a writ . . . . Even though they are elected officials, they do not hold full sway over the tasks entrusted to them so as to constitute official policy making authority. Though they possess a limited range of discretion in executing a writ, their power to make and enforce policy in this area is constrained by the courts, the constitution, and the legislature. They are not given that range of discretion or choice that is at the core of the power to impose one's chosen policy for they do not define the objectives of a writ . . . .

*Id.* at 24.

We conclude that a constable may, pursuant to the provisions of Education Code section 25.096, serve process on an individual who has failed to appear at a truancy hearing. Although a school attendance officer, pursuant to Education Code section 25.091, would generally serve process in a truancy hearing case in a county that has selected a school attendance officer, a constable may also serve the process if directed to do so by a lawful officer.

## S U M M A R Y

A constable may serve legal process on an individual failing to appear at a truancy hearing. Even though this duty would generally be performed by the school attendance officer in those counties that have selected a school attendance officer, it is lawful for a constable to serve any legal process addressing the compulsory attendance provisions of the Education Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General